IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELBIN GALDAMEZ,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br>ERIC ARNOLD, Warden, California State Prison, Solano,<br><br>　　　　　　　　Respondent. | No. 2:16-cv-02314-JKS<br><br>MEMORANDUM DECISION |

Elbin Galdamez, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Galdamez is in the custody of the California Department of Corrections and Rehabilitation and incarcerated at California State Prison, Solano. Respondent has answered, and Galdamez has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

On November 22, 2013, Galdamez was charged with assault with a deadly weapon (Count 1) and resisting or obstructing a police officer (Count 2). As to Count 1, the information additionally alleged that Galdamez had personally used a deadly weapon and that he had personally inflicted great bodily injury. Galdamez pleaded not guilty and denied the allegations. On direct appeal of his conviction, the California Court of Appeal laid out the following facts underlying the charges against Galdamez:

> About 5:00 p.m. on August 17, 2013, [Galdamez], carrying a five-inch-long knife, approached Salvador Avila Soto from behind. Soto heard footsteps, saw [Galdamez], and, believing [Galdamez] was planning to stab him in the back, Soto turned and put up his arm. [Galdamez] stabbed Soto in the arm and then tried to stab him in the stomach. In trying to block the knife, Soto was stabbed several times on his arms.
> After stabbing Soto, [Galdamez] fled to the room he rented in the backyard of Gabriel Pulido's home located at 420 Washington Avenue. Pulido saw [Galdamez]

walking from the front of the house into the backyard toward his room. Pulido told an officer that he saw [Galdamez] jump over the fence. Soto's seven-year-old son, who witnessed the stabbing, later told an officer that [Galdamez] ran and jumped over the fence.

West Sacramento Police Officers Roger Kinney, Chris Cobb, Jerry Watson, and Lindsey Lamb responded to 420 Washington Avenue and set up a perimeter. Police helicopter support arrived within five minutes. For about 10 minutes, over the public address (PA) systems of the helicopter and police cars, announcements in English were made that anyone hiding should come out and surrender. When no one surrendered, an officer and his canine searched yard to yard. After about 30 to 40 minutes, the canine found [Galdamez] hiding behind a tree in the yard of 418 Washington Avenue. When the canine bit [Galdamez] on his arm and started pulling him away from the tree, [Galdamez] surrendered, yelling "okay, okay."

At the hospital, an officer interviewed [Galdamez] in English for about 20 to 30 minutes. [Galdamez] never indicated he did not understand English, did not ask for a Spanish translator, and gave appropriate answers to questions.

*People v. Galdamez*, No. C076249, 2015 WL 3971782, at *1 (Cal. Ct. App. June 30, 2015).

Prior to trial, the People dismissed the deadly weapon enhancement allegation. At the conclusion of trial, the jury found Galdamez guilty on both counts and found true the great bodily injury enhancement allegation. The trial court subsequently denied probation and sentenced Galdamez to an aggregate term of 6 years' imprisonment (3 years on Count 1 plus a consecutive 3 years for the great bodily injury enhancement). The court also sentenced Galdamez to a concurrent term of 30 days on Count 2.

Through counsel, Galdamez appealed his conviction, arguing that: 1) there was insufficient evidence to support his conviction on Count 2 (resisting or obstructing a police officer); and 2) the trial court erred when it did not *sua sponte* give a unanimity instruction as to what act constituted resisting or obstructing a police officer. On June 30, 2015, the Court of Appeal issued a reasoned, unpublished opinion unanimously affirming the judgment against Galdamez after "[c]oncluding [that] sufficient evidence supports [Galdamez's] misdemeanor conviction, and that the unanimity instruction was not required." *Galdamez*, 2015 WL 3971782,

at *1. Galdamez petitioned the California Supreme Court for review of both claims, which was summarily denied on October 14, 2015.

Galdamez then filed a *pro se* petition for habeas relief in the California Supreme Court in which he again argued that the trial court prejudicially erred by failing to *sua sponte* give a unanimity instruction, and additionally alleged that the trial court violated the protections against double jeopardy by sentencing him on both Count 1 and the personal infliction of great bodily injury enhancement attached to that offense. On August 31, 2016, the Supreme Court denied the petition without comment.

Galdamez then timely filed a *pro se* Petition for a Writ of Habeas Corpus to this Court on May 23, 2017. *See* 28 U.S.C. § 2244(d)(1)(A).

## II. GROUNDS/CLAIMS

In his *pro se* Petition before this Court, Galdamez raises four grounds for relief. First, he argues that there was insufficient evidence to sustain his conviction for resisting or obstructing a police officer. He additionally contends that the trial court erred in failing to *sua sponte* give a unanimity instruction with respect to that count. He similarly argues in Ground 3 that the trial court misinstructed on the elements of the resisting or obstructing a police officer offense when it did not instruct the jury that it had to unanimously agree on which of his 2 acts constituted the violation. Finally, he claims that the trial court violated the Double Jeopardy Clause when it imposed concurrent sentences on Count 1 and the corresponding enhancement allegation.

III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Id.* at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary

authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). A summary denial is an adjudication on the merits and entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## IV. DISCUSSION

A.  Claims Relating to Misdemeanor Resisting or Obstructing a Police Officer Conviction
    (Grounds 1 through 3)

Galdamez first raises a number of challenges to his misdemeanor conviction for resisting or obstructing a police officer in violation of California Penal Code § 148(a)(1). He alleges that there was insufficient evidence to sustain his conviction and that the jury should have been given a unanimity instruction with respect to that offense.

Respondent argues that this Court lacks jurisdiction over the attacks on this misdemeanor conviction. The Court agrees. The record shows that Galdamez was sentenced to a concurrent term of 30 days' imprisonment for this conviction. With credit for time served, Galdamez had

5

already fully served his sentence for the misdemeanor charge by the time the trial court entered judgment.

A state prisoner seeking federal habeas relief under 28 U.S.C. § 2254 must "be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (emphasis added). In other words, habeas corpus is conviction-specific, and a petitioner cannot bring a habeas challenge to a conviction if his or her sentence on that conviction has already expired at the time the petition is filed, even if the petitioner is still "in custody" pursuant to a judgment on a different conviction. That is the situation presented here—Galdamez had fully served his sentence for his misdemeanor conviction long before he filed the instant Petition. Accordingly, Ground 1 through 3 must be dismissed for lack of jurisdiction.

Moreover, Galdamez's attacks on his misdemeanor conviction are without merit. An independent review of the record reflects that the Court of Appeal's conclusion that there was sufficient evidence to support the conviction is neither unreasonable or contrary to Supreme Court authority. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (mandating that the federal constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis in the original)); *see also Schlup v. Delo*, 513 U.S. 298, 330 (1995).

Likewise, while a California trial court may be required under state law mandating that a jury verdict in a criminal case be unanimous to *sua sponte* instruct the jury that it must unanimously agree on the acts underlying the offense in order to convict, federal law is clear

6

that, at least in a non-capital case, there is no federal right to a unanimous jury verdict. *Compare People v. Diedrich*, 643 P.2d 971, 980-81 (Cal. 1982) and *People v. Crawford*, 182 Cal. Rptr. 536, 538 (Cal. Ct. App. 1982) (unanimity instruction required where defendant was charged with possession of one or more firearms by felon and jury could disagree as to particular firearm), *with Schad*, 501 U.S. at 634 n.5 ("a state criminal defendant, at least in noncapital cases, has no federal right to a unanimous jury verdict") and *Apodaca v. Oregon*, 406 U.S. 404, 410-13 (1972) (no constitutional right to unanimous jury verdict in non-capital criminal cases). Consequently, at least in non-capital criminal cases, courts within the Ninth Circuit have routinely dismissed habeas claims arguing that a California "unanimity" jury instruction was required. *See, e.g., Sullivan v. Borg*, 1 F.3d 926, 927-28 (9th Cir. 1993) (citing *Schad* to find that instruction allowing California jury to convict defendant of first degree murder without unanimity as to whether he had committed felony murder or premeditated murder did not violate petitioner's due process rights); *O'Rourke v. O'Connor*, No. CIV S-09-1837, 2010 WL 4880667, at *6 (E.D. Cal. Nov. 23, 2010). Galdamez is therefore not entitled to relief on these grounds in any event.

B.    Double Jeopardy Claim (Ground 4)

Galdamez additionally argues that the trial court violated the protections against double jeopardy when it imposed sentence on both Count 1 and the enhancement allegation attached to it. According to Galdamez, imposing punishment for both the crime and the enhancement effectively amounted to imposing multiple punishments for the same act—namely, causing great bodily injury.

The Double Jeopardy Clause of the Constitution provides that no person shall "be subject for the same offen[s]e to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The

7

clause is enforced against the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 787 (1969). The Supreme Court has previously held that this clause protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense. *Monge v. California*, 524 U.S. 721, 727-28 (1998) (citing *N. Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

The protection against multiple punishments for the same offense, however, does not necessarily preclude cumulative punishments in a single prosecution. *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). When, for example, a state legislature intends to impose multiple punishments for an enhancement, the Double Jeopardy Clause is not offended. *Plascencia v. Alameida*, 467 F.3d 1190, 1204 (9th Cir. 2006). The rule stems from the recognition that sentence enhancements do not "punish" a defendant within the meaning of double jeopardy. *See United States v. Watts*, 519 U.S. 148, 154. Rather, such enhancements increase the given sentence because of the manner in which the crime was committed. *Id.* at 155 ("[T]he defendant is punished only for the fact that the present offense was carried out in a manner that warrants increased punishment.").

Here, the California legislature has clearly indicated its intent to authorize cumulative punishments when a defendant personally inflicts great bodily injury during a felony. *See* CAL. PENAL CODE § 12022.7(a) ("Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by *an additional and consecutive* term of imprisonment in the state prison for three years." (emphasis added)); *People v. Guzman*, 91 Cal. Rptr. 2d 885, 887 (Cal. Ct. App. 2000) ("Section 12022.7 is a legislative attempt to punish more severely those crimes that actually

8

result in great bodily injury."). Accordingly, Galdamez's sentence does not violate the Double Jeopardy Clause, and he is not entitled to relief on this ground either.

V. CONCLUSION AND ORDER

Galdamez is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: September 18, 2017.

/s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge